UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD BERDELL, on behalf of himself and all others similarly situated, ) ) ) | |
| PLAINTIFF, ) ) ) | Civil Action No. 20-cv-01252 |
| v. ) ) | |
| VELOCITY INVESTMENTS, L.L.C. and MANDARICH LAW GROUP, LLP, ) ) ) | Honorable Martha M. Pacold |
| DEFENDANTS. ) | |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff, Ronald Berdell, brings this action on behalf of himself and a class, under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. §1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff has suffered a harm from receiving false, misleading, and deceptive communications from Defendants while they were attempting to collect a debt.

5. Plaintiff has thus suffered an injury as a result of Defendants' conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Ronald Berdell ("Plaintiff"), is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted WebBank consumer loan.

7. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

8. Defendant, Velocity Investments, L.L.C. ("Velocity"), is a New Jersey limited liability company with its principal place of business at 1800 Route 34 North, Building 4, Suite 404A, Wall, New Jersey, 07719.

9. Velocity does or transacts business in Illinois.

10. Velocity holds a collection agency license from the state of Illinois.

11. Velocity maintains a website, https://velocityrecoveries.com/.

12. Velocity's website provides in part as follows:

> **ABOUT VELOCITY INVESTMENTS, LLC**
> Velocity is a comprehensive accounts receivables management (ARM) company focused on working with consumers to find satisfactory resolutions to outstanding debts.

> Velocity combines our strong expertise in customer service and consumer focused collection solutions with our technologically advanced and compliance based management system across our network of account resolution specialists located in all fifty states.
>
> Maintaining high standards means conducting our business ethically and legally. Our adherence to these standards is a key component in building a reputation for excellence and integrity, and ensuring that Velocity's employees and representatives treat each consumer with fairness, dignity and respect.

Velocity Investments, LLC, "ABOUT VELOCITY INVESTMENTS, LLC", https://velocityrecoveries.com/, last viewed February 20, 2020.

13. Velocity's principal business purpose is the collection of defaulted consumer debts via the use of interstate commerce and mails, and Velocity is a "debt collector" as defined within 15 U.S.C. § 1692a(6) of the FDCPA.

14. Defendant, Mandarich Law Group, LLP ("Mandarich") is a California limited liability partnership. It does or transacts business in Illinois, with its principal place of business at 420 North Wabash Avenue, Suite 400, Chicago, Illinois, 60611.

15. Mandarich does or transacts business in Illinois.

16. Mandarich maintains a website, http://mandarichlaw.com/.

17. Mandarich's website provides in part as follows:

What is Mandarich Law?

We are a law firm hired by creditors to attempt to resolve your consumer or commercial debt. We want to work with you to create a payment solution that is appropriate for your unique financial situation. If you have received a letter or

3

> phone call from our office, we invite you to contact us today so we can try to help you resolve your account.

Mandarich Law Group, LLP, "FREQUENTLY ASKED QUESTIONS", "What is Mandarich Law?", http://mandarichlaw.com/who-we-are/faq/, Accessed on 20 Feb. 2020.

18. Mandarich's website also states:

> This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. We are engaged in the collection of consumer and commercial debt…

Mandarich Law Group, LLP, "FREQUENTLY ASKED QUESTIONS", http://mandarichlaw.com/who-we-are/faq/, Accessed on 20 Feb. 2020.

19. Mandarich regularly collects or attempts to collect defaulted consumer debts on behalf of others via the mails, via telephone calls to consumers, and via litigation, and is thus a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

20. According to Defendants, Plaintiff incurred an alleged debt for the purchase of goods and services, specifically stemming from purchases made from funds obtained through the execution of a Consumer Loan Agreement with WebBank on June 9, 2015 ("alleged debt").

21. The alleged debt arose from purchases intended and used for personal purposes, and is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

22. Due to his financial circumstances, Plaintiff could not pay his alleged debt, and the alleged debt went into default.

23. Velocity alleged to have purchased the alleged debt after default.

24. Velocity thereafter hired Mandarich to collect the alleged debt.

25. Mandarich, on behalf of Velocity, filed a lawsuit against Plaintiff on July 25, 2019 in the Circuit Court of Cook County, Illinois ("State Court Complaint"), styled *Velocity Investments, LLC v. Ronald Berdell*, Case No. 19-M1-122253. (Exhibit A, State Complaint and Summons). *see* Cook County Case Information Summary, available at https://courtlink.lexisnexis.com/cookcounty/FindDock.aspx?NCase=2019-M1-122253&SearchType=0&Database=1&case_no=&PLtype=1&sname=&CDate= (last visited February 19, 2020).

26. Velocity, via Mandarich, served the State Court Complaint, along with a summons ("Summons") on Plaintiff at his home on or about August 27, 2019.

27. The State Court Complaint and Summons conveyed information regarding the alleged debt to Plaintiff, including the identity of the original creditor and a balance on the alleged debt.

28. The State Court Complaint and Summons were each thus a "communication" as that term is defined at 15 U.S.C. § 1692(a) of the FDCPA.

29. The face of the State Court Complaint states the following claim:

> Amount Claimed $15,425.67
>  *plus Costs*

(Ex. A, State Court Complaint) (emphasis added).

30. Included in the Complaint was a "Credit Card or Debt Buyer Collection Action Affidavit" ("Affidavit") executed by Alia Shaalan. (Ex. B, Affidavit).

31. According to the Affidavit, Ms. Shaalan is an authorized agent of Velocity Funding LLC.

32. At all times relevant to this Complaint, Velocity authorized, directed, and approved of and ratified Ms. Shaalan's actions taken toward Plaintiff, during the course of their attempts to collect the alleged debt therefrom.

33. The Affidavit was drafted and created by one of more of the Defendants.

34. The Affidavit references the alleged debt as a "Consumer Debt or Account". (Exhibit B, Affidavit).

35. Illinois Supreme Court Rule 280.2 ("Rule 280.2"), titled "Complaint in Credit Card or Debt Buyer Collection Actions", requires that an affidavit, that contains various information regarding the consumer debt to be collected, be attached to every collection complaint filed on behalf of a debt buyer, or which seeks to collect a consumer credit card debt. Ill. Sup. Ct., R 280.2.

36. Rule 280.2 requires that a plaintiff "…(b) Attach a completed Credit Card or Debt Buyer Collection Affidavit, prepared by utilizing, or substantially adopting the appearance and content of, the form provided in the Article II Forms Appendix, together with all required documents;…". Ill. Sup. Ct., R 280.2

37. Paragraph 3 of the Rule 280.2 Form in effect at the time of the filing of the Affidavit provides in part as follows:

**3. ADDITIONAL ACCOUNT INFORMATION AFTER CHARGE-OFF**

Plaintiff is seeking additional amounts after the charge-off date:
[] No*
[] Yes
    [] Total amount of interest accrued: $ ;
    [] Total amount of non-interest charges or fees accrued $ ;
    [] Plaintiff is seeking attorney's fees in the amount of $ .

**Balance due and owing as of date of affidavit: $**

* Costs prayed for in the Complaint will not be reflected.

Ill. Sup. Ct., R 280.2 (Exhibit C, Text of Rule 280.2) (emphasis in the original).

38. Paragraph 3 of the Affidavit *drafted and used by Defendants* in their attempts to collect defaulted consumer debts, provides in part as follows:

**3. ADDITIONAL ACCOUNT INFORMAITON [*sic*] AFTER CHARGE-OFF**

Plaintiff is seeking additional amounts after the charge-off date:

☒ No
☐ Yes
    ☐ Total amount of interest accrued: $ _____
    ☐ Total amount of non-interest charges or fee accrued $ _____
    ☐ Plaintiff is seeking attorney's fees in the amount of $ _____

<u>Balance due and owing as of the date of affidavit: $15,425.67.</u>

(Ex. B, Affidavit).

39. Paragraph 3 of the Form requires that the debt collector in a state court action indicate whether or not it is collecting additional amounts after the charge-off date.

40. Velocity indicated that it is <u>not</u> seeking additional amounts after the charge-off date, as follows:

> 3.ADDITIONAL ACCOUNT INFORMATION AFTER CHARGE-OFF
> Plaintiff is seeking additional amounts after the charge-off date:
> [X] No

(Ex. B, Affidavit).

41. Despite this fact, the State Court Complaint in fact seeks that the costs of the State Court Complaint be paid by Plaintiff.

42. One of the statements must be false, as Defendants cannot both be seeking, and not seeking, additional amounts incurred after charge-off of an alleged debt.

43. The judicially sanctioned Form provided by Rule 280.2 required that an asterisk be placed after the "[] No*" box in paragraph 3, and that the paragraph also include a statement

that "**\* Costs prayed for in the Complaint will not be reflected**." (Exhibit C, Text of Rule 280.2).

44. The Affidavit drafted and used by Defendants, however, did not comply with the Form provided in Rule 280.2, in multiple respects.

45. Most notably, Defendants removed the asterisk that was required to be placed after the "[] No*" box in paragraph 3 in their Affidavit, and did not include the required text that states "**\* Costs prayed for in the Complaint will not be reflected**." (Exhibit C, Text of Rule 280.2).

46. The plain meaning of "additional amounts after the charge-off date" as used in the Affidavit would include court costs by any reasonable construction.

47. An unsophisticated consumer would construe the words "additional amounts" in the Affidavit to include any additional amount sought beyond the charge-off amount, including costs.

48. Plaintiff construed the words "additional amounts" to include any additional amount sought beyond the charge-off amount, including costs.

49. Plaintiff was confused as to whether costs *were* being sought as indicated on the face of the State Court Complaint, or *were not* being sought as indicated in the Affidavit.

50. Both Plaintiff and the unsophisticated consumer would construe the words "additional amounts" to include any additional amount sought beyond the charge-off amount, especially because the very sentence that the Rule required to be included that would clarify the confusion—**\* Costs prayed for in the Complaint will not be reflected**—was omitted by Defendants.

51. Mandarich's policy is to seek court costs from consumers against which they obtain judgments in state court collection actions, on behalf of Velocity.

52. Defendants intended to seek costs from Plaintiff in connection with the State Court Complaint if they had prevailed in obtaining a judgment against Plaintiff in the same.

53. Defendants intended to seek costs from Plaintiff despite the fact that the Affidavit indicates that they were not seeking additional amounts after charge-off.

54. In a hearing in the State Court Action that was held on October 3, 2019, Defendants in fact requested that costs be paid, and costs were awarded by the State Court.

55. On March 3, 2020, Mandarich in fact sought to collect court costs and other charges incurred after charge-off of the alleged debt, from Plaintiff via the filing of a wage garnishment, in accordance with its policy to seek said costs from consumers against which it has obtained judgments, on behalf of their clients.

56. When there are two different accounts of what a debtor actually owes the creditor, that one version is the correct description does not save the other, incorrect description. *Veach v. Sheeks*, 316 F.3d 690, 93 (7th Cir. 2003), citing *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999).

57. In this case, there existed two distinct versions of the amount that Defendants were seeking: one version of the amount of the debt *with* costs, and one version of the amount of the debt *without* costs. Both could not be correct, and thus at least one version was wrong.

58. "Refusing to quantify an amount that the debt collector is trying to collect could be construed as falsely stating the amount of debt." *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 565 (7th Cir. 2004); *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.,* 214 F.3d 872, 875-76 (7th Cir. 2000).

9

59. Defendants' act of seeking to collect court costs, after denying that they were seeking to collect court costs, falsely communicates the amount of debt that Defendants sought to collect, and constitutes a deceptive, misleading, confusing and unfair practice, in violation of the FDCPA.

60. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

. . . **(2) The false representation of—**

**(A) The character, amount, or legal status of any debt**

**(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**

. . . **(5) The threat to take any action that cannot legally be taken. . .**

. . . **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

61. Defendants misrepresented the amount and legal status of an alleged debt, in violation of 15 U.S.C. § 1692e and § 1692e(2) when they sued Plaintiff for court costs which Velocity had expressly waived.

62. Defendants misrepresented the amount and legal status of an alleged debt, in violation of 15 U.S.C. § 1692e and § 1692e(2) when they communicated both that court costs were, and that they were not, being sought.

63. Defendants misrepresented the compensation to which they were entitled and which may be lawfully received in a successful action, in violation of 15 U.S.C. § 1692e and § 1692e(2), when they communicated that they were not seeking court costs.

64. Defendants used false, misleading, and deceptive means to attempt to collect a debt, in violation of 15 U.S.C. § 1692e and § 1692e(10), when they sought to collect court costs in a state court complaint while swearing under oath that no additional amounts after charge-off were being sought.

65. Defendants used false, misleading, and deceptive means to attempt to collect a debt, in violation of 15 U.S.C. § 1692e and § 1692e(10), when they communicated that they were not seeking court costs when their policy was to always seek to collect the same, when they did thereafter attempt to collect the same, and thus when they intended to collect court costs at all times relevant to the State Court Action.

66. Defendants improperly threatened to pursue court costs from Plaintiff, in violation of 15 U.S.C. § 1692e(5), when they sought to collect additional amounts after the charge-off date of a debt that it had indicated under oath they would not seek.

67. Plaintiff hired an attorney to advise him on the meaning of the content of the complaint, including the conflicting statements found therein.

68. Plaintiff did not know how much he was being asked to pay as the result of Defendants' conflicting communications to him.

69. Plaintiff did not understand, and the unsophisticated consumer would not understand, whether Velocity was seeking additional amounts after charge-off, as indicated in its State Complaint, or <u>not</u> seeking additional amounts after charge-off, as indicated in its Affidavit.

70. Defendants could have easily avoided violating the FDCPA by complying with the judicially sanctioned Rule 280.2 Form by including the statement that "**\* Costs prayed for in the Complaint will not be reflected**" when indicating whether or not Velocity would be seeking additional amounts after charge-off, instead of omitting said statement and falsely representing, as they did, that Velocity was not collecting additional amounts after charge-off.

71. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

72. Defendants engaged in an unfair practice, in violation of 15 U.S.C. § 1692f, when they caused Plaintiff to be served with a state court complaint and summons that variously indicated both that Velocity was, and was not, seeking additional amounts after the charge-off date of an alleged debt.

73. Defendants engaged in an unfair practice, in violation of 15 U.S.C. § 1692f and f(1), when they attempted to collect court costs which Velocity had expressly waived, and thus that were not permitted to be collected by law.

74. Defendants used false, misleading, and deceptive means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f, when they communicated that they were not seeking court costs when their policy was to always seek to collect the same, and thus when they intended to collect court costs at all times relevant to the State Court Action.

75. Violations of the FDCPA which would influence a consumer's decision to pay a debt in response to a dunning letter, are material. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (citing *Muha v. Encore Receivable Mgmt., Inc.,* 558 F.3d 623, 628 (7th Cir. 2009)).

76. Here, Defendants' conflicting information given to a consumer regarding their intention to seek additional amounts after the charge-off date of an alleged debt would prevent a consumer from knowing how much is owed on an alleged debt or what additional exposure he faces were he to proceed with a lawsuit.

77. The FDCPA requires precise calculation of the exact amount of an alleged debt, "and for good reason: the debt collector legally may collect (or attempt to collect) only the amount actually owed by the debtor…" *See Bernstein v. Howe*, 2003 WL 1702254, at *4 (S.D. Ind. Mar. 31, 2003) (finding an FDCPA violation where a debt collector failed to identify the amount of interest owed on an alleged debt).

78. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

79. The FDCPA applies to conduct in state-court litigation, including in state-court pleadings. *Marquez v. Weinstein, Pinson, & Riley, P.S.,* 836 F.3d 808, 812 (7th Cir. 2016).

80. Velocity bears the burden of monitoring the activities of those it enlists to collect debts on its behalf, including Mandarich. *Janetos v. Fulton Friedman & Gullace, LLP*, No. 15-1859, 2016 WL 1382174, at *7 (7th Cir. 2016).

**CLASS COUNT—FAIR DEBT COLLECTION PRACTICES ACT— "COSTS CLASS"**

81. Plaintiff incorporates by reference the preceding paragraphs as if fully plead herein.

82. Velocity's net worth is more than $50,000,000.

83. Plaintiff, Ronald Berdell, brings this action individually and as a class on behalf of the following class:

(1) all persons similarly situated in the State of Illinois (2) from whom Mandarich attempted to collect a debt on behalf of Velocity (3) by serving a complaint and summons filed in an Illinois State Court (4) which includes a document titled "Credit Card or Debt Buyer Collection Action Affidavit (Supreme Court Rule 280.2)" or a title substantially similar (5) where the box labeled "[P]laintiff is seeking additional amounts after the charge-off date" is checked "[No]" (6) but where Velocity nonetheless requests court costs in the complaint and/or summons (7) where the Affidavit does not state "**\* Costs prayed for in the Complaint will not be reflected**" (8) during the period of time that begins on July 19, 2019 and ends on July 19, 2020.

84. The Affidavit contained within the State Court Complaint is a form affidavit that was drafted by one or more Defendants and that, though noncompliant with Rule 280.2 and not in the form required by the Rule, Defendants have nonetheless caused to be included in at least 300 lawsuits filed on behalf of Velocity against consumers in Illinois, within the last year.

85. The form affidavit drafted, filed and caused to be served by Velocity and/or Mandarich in collection cases filed on behalf of Velocity, purportedly pursuant to Illinois Supreme Court Rule 280.2, applies only to consumer debts.

86. As the "Credit Card or Debt Buyer Collection Action Affidavit" contained within the State Court Complaint is a form affidavit drafted and used by Defendants, the Class likely

14

consists of more than 40 persons from whom Defendants attempted to collect a debt using said form.

87. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

88. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class and would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

89. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

90. Defendants misrepresented the amount and legal status of an alleged debt, in violation of 15 U.S.C. § 1692e and § 1692e(2) when they sued Plaintiff for court costs which Velocity had expressly waived.

91. Defendants misrepresented the amount and legal status of an alleged debt, in violation of 15 U.S.C. § 1692e and § 1692e(2) when they communicated both that court costs were, and that they were not, owed and/or being sought.

92. Defendants misrepresented the compensation to which they were entitled and which may be lawfully received in a successful action, in violation of 15 U.S.C. § 1692e and § 1692e(2), when they communicated that they were not seeking court costs.

93. Defendants used false, misleading, and deceptive means to attempt to collect a debt, in violation of 15 U.S.C. § 1692e and § 1692e(10), when they sought court costs in a state court complaint while swearing under oath that no additional amounts after charge-off were being sought.

94. Defendants used false, misleading, and deceptive means to attempt to collect a debt, in violation of 15 U.S.C. § 1692e and § 1692e(10), when they communicated that they were not seeking court costs when their policy was to always seek to collect the same, though they did thereafter attempt to collect the same, and thus when they intended to collect court costs at all times relevant to the State Court Action.

95. Defendants improperly threatened to pursue court costs from Plaintiff, in violation of 15 U.S.C. § 1692e(5), when they sought additional amounts after the charge-off date of a debt that it had indicated under oath they would not seek.

96. Defendants engaged in an unfair practice, in violation of 15 U.S.C. § 1692f when they caused Plaintiff to be served with a state court complaint and summons that variously indicated both that Velocity was, and was not, seeking additional amounts after the charge-off date of an alleged debt.

97. Defendants used false, misleading, and deceptive means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f, when they communicated that they were not seeking court costs when their policy was to always seek to collect the same, though they did thereafter attempt to collect the same, and thus when they intended to collect court costs at all times relevant to the State Court Action.

98. Defendants engaged in an unfair practice, in violation of 15 U.S.C. § 1692f and f(1), when they attempted to collect court costs which Velocity had expressly waived, and thus that were not permitted to be collected by law.

## **REQUEST FOR RELIEF—CLASS**

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's and the class members' favor and against Defendants as follows:

    A.    Find that Defendants violated the FDCPA;

    B.    Certify the action as a class action;

    C.    Award statutory damages, and actual damages if any, for the Plaintiff and class pursuant to 15 U.S.C. § 1692k(a)(2);

    D.    Award Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    E.    Award such other or further relief as the Court deems proper.

By: s/*Mario Kris Kasalo*
One of Plaintiff's Attorneys

Mario Kris Kasalo
**The Law Office of M. Kris Kasalo, Ltd.**
20 North Clark Street, Suite 3100
Chicago, IL 60602
Tel 312-726-6160
Fax 312-698-5054
mario.kasalo@kasalolaw.com

### CERTIFICATE OF SERVICE

I, Mario Kris Kasalo, an attorney, hereby certify that on July 17, 2020, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: July 17, 2020**                                                                                           Respectfully submitted,

By: *s/Mario Kris Kasalo*