IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD BERDELL, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>VELOCITY INVESTMENTS, LLC, AND MANDARICH LAW GROUP, LLP,<br><br>        Defendants. | No. 20-cv-01252<br>Judge Franklin U. Valderrama |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ronald Berdell brought suit on behalf of himself and a putative class against Velocity Investments, LLC (Velocity) and Mandarich Law Group, LLP (Mandarich; collectively, Defendants), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA). Specifically, in his one-count Complaint, Plaintiff claims that Defendants (1) made a false, deceptive, or misleading representation in violation of 15 U.S.C. §§ 1692e(2)(a) and 1692e(10) by, in connection with the collection of Plaintiff's alleged debt, filing a complaint in the Circuit Court of Cook County, Illinois (State Court Complaint) specifically seeking relief in the form of court costs and at the same time, attaching a Credit Card Debt Buyer Collection Action Affidavit (Velocity Affidavit) that swore no court costs were being sought; and (2) in the same vein, used unfair practices in violation of § 1692f when attempting to collect a debt by use of the conflicting State Court Complaint and Velocity Affidavit.

Defendants have moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 35, Madrich Mot. Dismiss; R. 36, Velocity Mot. Dismiss.[1] For the reasons that follow, Defendants' Motions to Dismiss are granted, and Plaintiff's Amended Complaint is dismissed with prejudice.

## Background

Plaintiff allegedly incurred a debt stemming from purchases made from funds obtained through the execution of a consumer loan agreement with WebBank on June 9, 2015. R. 34, Am. Compl. ¶ 20.[2] Plaintiff was unable to pay the debt and it went into default. *Id.* ¶ 22.

Velocity purchased the defaulted debt and subsequently hired Mandarich to collect the debt. Am. Compl. ¶¶ 23–24. Mandarich, on behalf of Velocity, filed a lawsuit against Plaintiff on July 25, 2019 in the Circuit Court of Cook County, Illinois. *Id.* ¶ 25, Exh. A, State Compl. The State Court Complaint states, "Amount Claimed $15,425.67 plus Costs." Am. Compl. ¶ 29; State Compl. at 9. Attached to the State Court Complaint is a Credit Card Debt Buyer Collection Action Affidavit, as required by Illinois Supreme Court Rule 280.2. Am. Compl. ¶¶ 30–35, Exh. B. Velocity Aff. Alia Shaalan, Velocity's authorized agent, executed the Velocity Affidavit on June 14,

---

[1] Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.

Defendants each moved separately to dismiss Plaintiff's claims, but their arguments for dismissal and Plaintiff's responses (R. 42, Pl.'s Mandarich Resp; R. 43, Pl.'s Velocity Resp.) are nearly identical, so the Court addresses the motions and arguments therein together.

[2] The Court accepts as true all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017).

2019. Am. Compl. ¶ 30; Velocity Aff. at 2. The Velocity Affidavit states that the balance due and owing as of the date of the loan agreement execution was $15,425.67. Am. Compl. ¶ 38; Velocity Aff. at 2. The Velocity Affidavit includes a section titled "ADDITIONAL ACCOUNT INFORMAITON [sic] AFTER CHARGE OFF," under which the affiant selected "No" in response to a question that asks whether plaintiff is seeking additional amounts after the charge-off date. Am. Compl. ¶ 38; Velocity Aff. at 2. Plaintiff alleges that, in fact, Defendants were seeking relief in the form of court costs as part of their State Court Complaint, and the Velocity Affidavit's statement to the contrary constitutes the use of false, misleading, and deceptive means to attempt to collect a debt in violation of 15 U.S.C 1692e. Additionally, Plaintiff claims that Defendants engaged in an unfair practice in violation of 15 U.S.C. § 1692f by filing and serving Plaintiff with the misleading State Court Complaint and Velocity Affidavit.

Defendants now move to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6).

## Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient "to state a claim that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

## Analysis

Plaintiff alleges that Defendants violated the FDCPA by: (1) falsely representing the character, amount, or legal status of a debt in violation of 15 U.S.C. §1692e2(a) by suing for court costs that Velocity had expressly waived; (2) threatening to pursue court costs they could not pursue in violation of U.S.C. 1692e(5) when they sought additional amounts after the charge-off date of a debt they had indicated under oath they would not seek; and (3) using false representations or deceptive means to collect or attempt to collect a debt in violation of U.S.C. §1692e(10) when they sought to collect court costs in a state court complaint while swearing that no additional amounts after charge-off were being sought. Am. Compl. ¶¶ 61–66. Additionally, Plaintiff alleges that Defendants used unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f when they served Plaintiff with the State Court Complaint and summons that claimed conflicting information—both that Velocity was and was not seeking additional amounts after the charge-off date of an alleged debt. *Id.* ¶¶ 72–74.

Defendants argue that Plaintiff's Amended Complaint must be dismissed because Plaintiff fails to state a plausible claim. Mandarich Mot. Dismiss at 1; Velocity Mot. Dismiss at 1. They assert that the statements in the Velocity Affidavit and State Court Complaint were neither plainly false nor misleading, and therefore, Plaintiff has not pled any violations of the FDCPA. Mandarich Mot. Dismiss at 8; R. 37, Velocity Memo. Dismiss at 2. Defendants similarly argue that they did not engage in unfair debt collection practice because the State Court Complaint and the Velocity Affidavit are not contradictory about pursuing court costs and comply with state law. *See id.* The Court addresses these arguments below in turn.

### A. 1692e

Plaintiff alleges that Defendants violated §§ 1692e, 1692e(2)(a), 1692e(5), and 1692e(10) of the FDCPA. 15 U.S.C. § 1692e(2)(a) prohibits the "false representation of the character, amount, or legal status of any debt." Section 1692e(5) provides that it is a violation of the FDCPA to "threat[en] to take any action that cannot legally be taken or that is not intended to be taken." It is also a violation to use "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." § 1692e(10). The Seventh Circuit has held that §1693e applies to statements made in court filings in litigation. *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 812 (7th Cir. 2016). The FDCPA, then, applies to the Velocity Affidavit and the State Court Complaint, and the pertinent issue becomes whether Plaintiff sufficiently alleged that the Velocity Affidavit and State Court Complaint violated § 1692e. Since an inquiry into whether a debt collector's

statement is false, deceptive, or misleading is fact intensive, dismissal of a FDCPA claim is proper only where the statements at issue "*plainly, on their face*, are not misleading or deceptive." *Ruth v. Triumph Partnerships*, 577 F.3d 790, 800 (7th Cir. 2009) (listing the three categories of statements underlying § 1692e claims: (1) statements that "plainly, on their face, are not misleading or deceptive"; (2) statements that are not clearly misleading but "might possibly" mislead the unsophisticated consumer; and (3) statements that are clearly misleading, and holding only claims involving statements from the first category may be dismissed) (emphasis added). Importantly, when considering allegations of FDCPA violations, courts do so from the perspective of an unsophisticated consumer. *See Taylor v. Cavalry Inv., LLC*, 365 F. 3d 572, 574 (7th Cir. 2004). The hypothetical unsophisticated consumer is "someone of modest education and limited commercial savvy." *Dunbar v. Kohn Law Firm*, 896 F.3d 762, 764–65 (7th Cir. 2018).

Plaintiff argues that it was impermissibly misleading for Defendants to (i) confirm that they *were not seeking* "additional amounts after the charge-off date" in the Velocity Affidavit but also (ii) indicate that they *were seeking* additional court costs (noting "plus court costs") in the State Court Complaint. The Court disagrees, finding that these statements fall into the first *Ruth* category (plainly not misleading on their face) and accordingly dismissal of the § 1692e claims is proper.

An unsophisticated consumer would be able to understand that a debt collector might seek both a fixed amount (here, $15,425.67) and court costs in the same case. *See Lin v. Portfolio Recovery Assocs., LLC*, 2020 WL 1939186 at *4 (N.D. Ill. Apr. 22,

2020). Contrary to Plaintiff's argument, no sophisticated financial or legal knowledge is necessary to understand that a debt collector might pursue recovery of both the outstanding debt and the court costs necessary to collect this debt. *See id.*

Moreover, contrary to Plaintiff's contention, the Velocity Affidavit clearly delineates the additional amounts sought post-charge-off as relating to account information only. Plaintiff argues that checking the "No" box on the Velocity Affidavit as to the question of whether Velocity was seeking additional amounts after the charge-off date was a false or misleading statement. Am. Compl. ¶¶ 40, 60–66; Velocity Aff. at 2. However, the location of this question on the Velocity Affidavit under the heading of "Additional *Account* Informaiton[sic] after Charge Off" makes clear, even to an unsophisticated consumer, that the question pertains to account information, and that court costs would not be included in account information. Velocity Aff. at 2 (emphasis added); *see Lin*, 2020 WL 1939186 at *4 (citing *Veach v. Sheeks*, 316 F.3d 690, 691 (7th Cir. 2003) (recognizing court costs are not a component of a "debt")).

In *Lin*, the Court analogized this discrepancy between amounts sought in a state court complaint and in an attached affidavit to discrepancies between other terms that the Seventh Circuit has held unsophisticated consumers can understand, such as the difference between the amount of a debt, the "Balance," and the phrase "Now Due" in collection letters. *Id.* at *4 (citing *Olson v. Risk Mgmt. Alts., Inc.*, 366 F.3d 509, 513 (7th Cir. 2004)). So too here. Given the organization of the Velocity Affidavit and the existence of the State Court Complaint, the difference between

7

"Account Information" and "Court Costs" is just as clear as the difference between the amount of a debt, the "Balance" and the amount "Now Due," as used in collection letters, and an unsophisticated consumer would understand that these amounts are separate.

Defendants point out that Plaintiff's counsel has brought several nearly identical lawsuits in the Northern District of Illinois, all of which have been dismissed. Mandarich Mot. Dismiss at 7–8; Velocity Memo. Dismiss at 1 n.1 (citing *Lin*, 2020 WL 1939186 (Rowland, J.); *Morris v. Jefferson Capital Systems, LLC*, 2020 WL 3578027 (N.D. Ill. July 1, 2020) (Guzman, J.); *Ruvalcaba v. LVNV Funding, LLC*, 2020 WL 4437847 (Gettleman, J.) (N.D. Ill. Aug. 3, 2020). *Lin* is directly on point. In *Lin,* Judge Rowland dismissed the FDCPA claim, reasoning that filing a state court claim requesting court costs alongside an affidavit that indicated it was not seeking additional amounts after the charge-off date was neither false nor misleading, but rather that even an unsophisticated consumer could "distinguish the claim as described in the Complaint (including court costs) as compared to the more limited account information (not including court costs) contained in the affidavit." 2020 WL 1939186, at *4.

*Lin* has since been followed by *Morris* and *Ruvalcaba*, in which the courts relied on Judge Rowland's reasoning to dismiss cases where defendants filed state court complaints requesting court costs alongside affidavits that did not explicitly mention court costs. *Morris*, 2020 WL 3578027, at *1; *Ruvalcaba*, 2020 WL 4437847, at *2. The Court sees no reason to deviate from this line of cases.

8

Plaintiff attempts to distinguish *Lin* and its progeny because of a recent amendment to Illinois Supreme Court Rule 280.2, which was made after the decisions in *Lin*, *Morris*, and *Ruvalcaba* were issued. Pl.'s Mandarich Resp. at 3–5, 15; Pl.'s Velocity Resp. at 3–5. Rule 280.2[3] and its corresponding Article II forms Appendix were amended July 19, 2019, effective immediately. Am. Compl, Exh. C, M.R. 3140, Am. R. 280.2. The July 19, 2019 amendment added language to the model affidavit appended to the Rule. *Id.* Below the question about whether plaintiff would be seeking additional amounts after the charge-off date, the amended model affidavit added, "*Costs prayed for in the complaint will not be reflected" *Id.* Mandarich, on behalf of Velocity, filed the State Court Complaint and the Velocity Affidavit—which did not include the asterisked language—on July 25, 2019. Am. Compl. ¶ 25; State Compl. Plaintiff contends that since the amendment was effective when Defendants filed the State Court Complaint and the corresponding Velocity Affidavit, the failure to use the Model Affidavit from Rule 280.2 was a violation of 1692e.[4]

*Lin* and its progeny, however, did not dismiss the § 1692e claims merely because the affidavits filed in those cases conformed to Rule 280.2's pre-amendment model affidavit; rather, as discussed above, the courts dismissed the claims because filing a state court complaint that includes a request for court costs alongside an

---

[3] Illinois Supreme Court Rule 280.2(b) requires the complaint in a credit card or debt buyer collection to "[a]ttach a completed Credit Card or Debt Buyer Collection Affidavit, prepared by utilizing, or substantially adopting the appearance and content of, the form provided in the Article II Forms Appendix."

[4] Plaintiff also argues that the Illinois Supreme Court's July 19, 2019 modification of the model affidavit indicates that the prior version without the asterisked language is confusing, but he offers no authority to support this claim.

affidavit that does not mention those court costs is not misleading to an unsophisticated consumer. *Lin*, 2020 WL 1939186; *Morris*, 2020 WL 3578027; *Ruvalcaba*, 2020 WL 4437847. Simply because the Illinois Supreme Court has issued an amended *model* affidavit that Plaintiff prefers does not mean the Velocity Affidavit was false or misleading. What's more, whether the Velocity Affidavit complied with Rule 280.2 was an issue for the state court. If the form used by Defendants was improper or insufficient for the state court, Plaintiff could have moved to dismiss at the state court level. That is not a decision for this Court. Rather, the issue here is whether this affidavit would confuse an unsophisticated consumer. Like the courts in *Lin*, *Morris*, and *Ruvalcaba*, the Court finds that it would not.

Since neither the State Court Complaint nor the Velocity Affidavit would mislead or deceive the unsophisticated consumer, Plaintiff has failed to state a 1692e claim upon which relief may be granted and dismissal is proper.

**B. 1692f**

15 U.S.C. §1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." To make this determination, as with § 1692e claims, "a court must view the conduct through the eyes of an unsophisticated consumer." *Ramirez v. Mandarich Law Grp., LLP*, 2020 WL 1482366 (N.D. Ill. Mar. 25, 2020) (citing *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 765 (7th Cir. 2006)).

Plaintiff alleges that Defendants engaged in an unfair practice and used unfair or unconscionable means to collect or attempt to collect a debt by filing the State Court Complaint and the Velocity Affidavit. Am. Compl. ¶¶ 72–74. Plaintiff's § 1692f

10

claim rests upon the same facts as his § 1692e claim. Having already determined that both the State Court Complaint and the Velocity Affidavit complied with the FDCPA, it is difficult to see how use of these forms could underlie a sufficient §1692f claim, and Plaintiff does not clarify how the use of these documents was unfair or unconscionable. *See Todd v. Collecto, Inc.*, 731 F.3d 734, 739 (7th Cir. 2013) (noting § 1692f complaint must "plausibly describe a debt collection practice that was unfair or unconscionable with respect to him"). Rather, Defendants appropriately brought suit in state court attempting to collect a debt and seeking payment of whatever court costs were incurred as Illinois State Law allows. 735 ILCS 5/5-108. Compliance with such rules is not a "deceptive and misleading practice" nor is it unfair or unconscionable. *See Lauber v. Lawrence & Morris*, 2017 WL 4164029, at *5 (N.D. Ill. Sept. 20, 2017). Having alleged only that Defendants filed a claim in state court using court documents that the Court has found to be neither plainly false nor misleading to an unsophisticated consumer, Plaintiff has failed to state claim under § 1692f.

## Conclusion

For the foregoing reasons, Defendants' Motions to Dismiss the Amended Complaint [35], [36] are granted. The dismissal of all § 1692e and § 1692f claims is with prejudice, as the Court can discern no amendment that would cure the flaw in Plaintiff's claims, and Plaintiff himself does not request leave to amend in the event of dismissal.[5] *See Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 335

---

[5]*Lin* and *Morris* also dismissed the complaints with prejudice because those courts could discern no basis on which amendments would cure the deficiencies of the pleading. *Lin*, 2020 WL 1939186, at *6–7; *Morris*, 2020 WL 3578027, at *2 n.3.

11

(7th Cir. 2018) ("Nothing in Rule 15, nor in any of our cases, suggests that a district court must give leave to amend a complaint where a party does not request it or suggest to the court the ways in which it might cure the defects. To the contrary, we have held that courts are within their discretion to dismiss with prejudice where a party does not make such a request or showing."); *Gonzalez-Koeneke v. West*, 791 F.3d 801, 808 (7th Cir. 2015) ("A district court acts within its discretion in . . . dismissing a complaint with prejudice . . . when the plaintiff fails to demonstrate how [an] amendment would cure the deficiencies in the prior complaint."). The Clerk is directed to enter judgment and terminate this case.

                                                      */s/ Franklin Valderrama*
                                                      Franklin U. Valderrama
                                                      United States District Judge

DATED: March 2, 2021